FILED

SUPERIOR COURT
OF GUAM

2021 MAR 23 PM 5: 00

CLERK OF COURT

By: ⟨signature⟩

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0057-20**<br>GPD Report No. 20-3341 |
| v. | **DECISION AND ORDER** |
| **HUDSON M. SONIS,**<br>DOB: 12/28/1955 | **FINDING DEFENDANT COMPETENT**<br>**TO STAND TRIAL** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 22, 2021 for an Evidentiary Hearing concerning Defendant, Hudson M. Sonis's ("Defendant's") competency and ability to stand trial. Assistant Attorney General Sean Brown represents the People, and Assistant Public Defender Earl Anthony V. Espiritu represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds the Defendant competent to stand trial**.

### BACKGROUND

On February 1, 2020, Defendant was arrested and charged with (1) Driving While Impaired (as a Misdemeanor), (2) Eluding a Police Officer (as a Misdemeanor), and (3) Reckless Driving While Impaired (as a Petty Misdemeanor). Magistrate's Complaint (Feb. 3, 2020).

Pursuant to 9 G.C.A. §7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation (Feb. 12, 2020). Defendant underwent his first forensic evaluation with Dr. Juan M. Rapadas on July 23, 2020. Forensic Evaluation at 1 (Jul.

Decision and Order Finding Defendant Competent to Stand Trial
CM0057-20, *People of Guam v. Hudson M. Sonis*
Page 1 of 4

23, 2020). Dr. Rapadas concluded that Defendant was competent to be proceeded against and that he did not lack substantial capacity as a result of mental illness. Id. at 6.

A second forensic evaluation was ordered on December 1, 2020 following defense counsel's assertion that Defendant's mental state remained at issue in the case. Order for Second Forensic Evaluation (Dec. 1, 2020). Defendant underwent this second forensic evaluation with Dr. Kirk Bellis on January 18, 2021. Forensic Evaluation at 1 (Jan. 18, 2021).

The Court held a hearing on February 22, 2021 to determine Defendant's competency to stand trial.

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness... he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." (9 G.C.A. § 7.37(a)(1)-(4)).

Defendant appeared mentally sound throughout both forensic evaluations. Dr. Bellis described Defendant's behavior as showing "no abnormalities in his posture, gait, or motor activity." Forensic Evaluation at 3 (Jan. 18, 2021). Defendant showed "no disarticulation of his speech", "no delusions", and a "logical and sequential" thought process. Id. at 3. Defendant was "oriented to time, place, and person" and his memory was intact for immediate, recent, and remote events. Id. at 3-4.

Defendant had previously completed and scored well on multiple assessments concerning his cognitive abilities, language skills, memory, and attention. Forensic Evaluation at 4 (Jul. 23, 2020). Defendant scored in the 27th percentile when Dr. Rapadas administered him a TONI-4 IQ Test of Non-Verbal Intelligence; earning a grade of "average level" intelligence. Id. at 4. Defendant also scored in the "normal/non-deficient range" when Dr. Rapadas administered a Mini-Mental Status Examination. Id. at 4. This substantially mirrors Dr. Bellis's observations, who described Defendant as "above average" intellectual functioning. Forensic Evaluation at 4 (Jan. 18, 2021).

Decision and Order Finding Defendant Competent to Stand Trial
CM0057-20, *People of Guam v. Hudson M. Sonis*
Page 2 of 4

Defendant's understanding of the criminal proceedings also seemed fair. Defendant knew his judge's name, and was able to give the names of his previous lawyers (although not this current lawyer). Id. at 1. Defendant also gave statements defining the charges he faces, and explained the role of a judge, jury, defense lawyer, and probation, among other terms. Id. at 1-2. Defendant denied the allegations against him, but was able to understand the evidence against him contained within the court report. Id. 2.

While Defendant's mental state does not prevent him from understanding the nature of the proceedings or from assisting in his defense, Dr. Bellis expressed some concern that he may be "unwilling" to assist and cooperate with counsel. Id. at 4. This is because Defendant does not feel he did anything wrong. Id. at 4.

Defendant also scored "overwhelmingly positive for bipolar disorder" following a Mood Disorder Questionnaire. Id. at 3. Dr. Bellis described Defendant as "slightly manic". Id. at 4. However, Dr. Bellis concluded that Defendant still possessed a competent mental state. Id. at 4.

Taking all data in total, Defendant is currently competent to be proceeded against and to be sentenced. As Dr. Bellis laid out in his report, Defendant's "mental state at this time does not preclude the Defendant from being found competent." Id. at 4. Defendant expressed solid understanding of the criminal proceedings and consequences of his actions. This conclusion substantially mirrors the forensic evaluation conducted roughly one year prior, when Dr. Rapadas also found the Defendant to be "competent". Forensic Evaluation at 6 (Jul. 23, 2020). Two doctors have now conducted in-depth forensic evaluations of Defendant and each found him competent and capable of understanding the criminal proceedings. This understanding, combined with his average TONI-4 IQ Test and MMSE Test results, indicate that Defendant is competent to be proceeded against.

## CONCLUSION

Decision and Order Finding Defendant Competent to Stand Trial
CM0057-20, *People of Guam v. Hudson M. Sonis*
Page 3 of 4

For the reasons stated above, the Court finds the Defendant competent to stand trial. The Defendant's case cannot be transferred to Mental Health Court because Defendant was deemed competent.

Defendant's next court date is a Pre-Trial Conference scheduled for Tuesday, April 27, 2021 at 10:00am.

**IT IS SO ORDERED** this **Mar.23,2021** _____ *nunc pro tunc* to February 22, 2021.

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Finding Defendant Competent to Stand Trial
CM0057-20, *People of Guam v. Hudson M. Sonis*
Page 4 of 4